**In re Marilou C. CRUZ, Debtor.**

**Bankruptcy No. 92–B–21052.**

United States Bankruptcy Court, S.D. New York.

April 13, 1993.

Robert Grant, New Rochelle, NY, for Marilou C. Cruz.

Nathan Horowitz, White Plains, NY, for Citibank, N.A.

DECISION ON MOTION FOR AN ORDER DETERMINING THE EXTENT OF THE VALUE OF A SECURED CLAIM AND CROSS–MOTION TO DISMISS CASE OR LIFT THE AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

## FACTUAL BACKGROUND

The debtor filed a petition under Chapter 13 of the Bankruptcy Code on June 1, 1992 and scheduled Citibank as a first mortgagee. The debtor and a relative had purchased a three-family house located in Valley Cottage, New York. The house is the debtor's principal residence.

In connection with the debtor's purchase of the property, she signed a purchase money mortgage in favor of Citibank in the principal amount of $252,000.00. The loan is amortized over 30 years and is payable in equal installments until November 1, 2017. The current outstanding principal balance on the mortgage is $255,460.17.

Citibank filed a proof of claim in the amount of $298,146.04. Mortgage arrears total $49,909.75. The parties agree that the present market value of the property is $240,000.00.

Citibank contends that even if bifurcation of its claim were permitted, the mortgage arrears portion of its claim must be paid in full to reinstate the mortgage. Citibank reasons that before commencing with the bifurcation process, the mortgage arrears, including accrued interest, the escrow deficit and additional costs should be deducted from Citibank's claim and paid in full before determining the amount subject to bifurcation.

## DISCUSSION

Whether or not to authorize a bifurcation of Citibank's claim in accordance with 11 U.S.C. § 506(a) and (d) is no longer an open issue in the Second Circuit. In harmonizing the application of 11 U.S.C. §§ 506(a) and 1322(b)(2), the *Bellamy* court held that bifurcation of a residential mortgagee's claim secured solely by an interest in the debtor's residence in a Chapter 13 case was not an improper modification of the mortgagee's total claim because the secured portion of the claim, as determined under 11 U.S.C. § 506(a), was not modified. *In re Bellamy*, 962 F.2d 176, 180 (2d Cir. 1992). This holding did not implicate the Supreme Court's decision in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), which did not involve a

Chapter 13 case or the application of 11 U.S.C. § 1322(b)(2). The Supreme Court stated that it took no position on the meaning of the words "allowed secured claim" in other provisions of the Bankruptcy Code not involving Chapter 7 cases. Accordingly, in the Second Circuit, bifurcation of a residential mortgage solely secured by the debtor's principal residence is permissible. Therefore, Citibank's cross-motion to dismiss the Chapter 13 petition on the ground the bifurcation is impermissible, is denied.

### Prepetition Arrears

■ The primary issue for determination following a bifurcation under 11 U.S.C. § 506(a) involves the treatment of the mortgage arrears. A Chapter 13 debtor who wishes to reinstate a stripped down residential mortgage that comes due beyond the life of the plan is required to satisfy 11 U.S.C. § 1322(b)(5)[1] and must cure all defaults within a reasonable time, maintaining payments while the case is pending on both secured and unsecured claims where final payments are due beyond the length of the plan. Thus, three types of payments are called for: (1) curing of defaults in full, (2) scheduled mortgage payments until the secured claim is fully paid and (3) percentage payments on unsecured claims not less than the amount that would be paid on such claims if the estate were liquidated under Chapter 7 of the Code. 11 U.S.C. § 1325(a)(4).

The debtor argues that if this case were liquidated under Chapter 7 of the Code, Citibank would realize the fair market value of its secured claim, which the parties agree is $240,000.00. Therefore, Citibank will receive more under the Chapter 13 plan because the debtor proposes to allocate the mortgage arrears of $49,909.75 to the unsecured portion of the mortgage, and Citibank will receive a percentage payment on its unsecured deficiency claim. The debtor

reasons that this treatment would give Citibank more than it would receive in a Chapter 7 liquidation, with the result that "everybody wins—at least something." *Debtor's Reply Memorandum,* at 8.

■ The flaw in the debtor's position is that by allocating the mortgage arrears to an unsecured status, she reads out of the Code 11 U.S.C. § 1322(b)(5), which requires the curing of any mortgage defaults within a reasonable time. If the debtor wishes to reinstate the mortgage default, the debtor must satisfy the protection afforded mortgagees under 11 U.S.C. § 1322(b)(5) and may not allocate the mortgage arrears to the unsecured mortgage deficiency. *In re Richards,* 151 B.R. 8, 18 (Bankr.D.Mass. 1993); *In re Session,* 128 B.R. 147, 152 (Bankr.E.D.Tex.1991); *In re Hayes,* 111 B.R. 924, 927 (Bankr.D.Or.1990). As stated in *Bellamy:*

> The debtor must cure arrearages within a reasonable time, *see* § 1322(b)(5), but need make secured mortgage payments only until the secured claim is fully paid.

*In re Bellamy,* 962 F.2d at 185 (citations omitted).

■ It is similarly impermissible to allocate the mortgage arrears to the secured portion of the bifurcated claim where scheduled payments will continue beyond the length of the plan. *Sapos v. Provident Institution of Savings in The Town of Boston (In re Sapos),* 967 F.2d 918, 928 (3d Cir.1992) ("Payments under a plan that cures any default must be completed within the life of the plan, which is not to exceed five years. 11 U.S.C. § 1322(c)."); *Bellamy,* 962 F.2d at 185; *Richards,* 151 B.R. at 14; *In re Cole,* 122 B.R. 943 (Bankr. E.D.Pa.1991).

■ The approach that best harmonizes the interplay between 11 U.S.C. §§ 506(a) and 1322(b)(5) is a two-step process. First, include the prepetition mortgage arrears

1. **11 U.S.C. § 1322. Contents of plan.**

 . . . .
 (b) Subject to subsections (a) and (c) of this section, the plan may—
 . . . .
 (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default

within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment *is due after the date on* which the final payment under the plan is due;
11 U.S.C. § 1322(b)(5).

under Citibank's secured claim for valuation purposes, as determined under 11 U.S.C. § 506(a). Second, for payment purposes, the arrears should be treated separately and may not be paid as scheduled mortgage payments, which may extend beyond the length of the plan, but must be paid in full within the duration of the Chapter 13 plan. This approach was applied in *In re Terranova*, 152 B.R. 20 (Bankr. E.D.Conn.1993). There, the court approved a Chapter 13 plan which called for the prepetition mortgage arrears to be paid to the Chapter 13 trustee in full on a monthly basis. The debtor was required to make monthly payments directly to the mortgagee in the amount prescribed in the reinstated note and mortgage. Additionally, the mortgagee was to be paid a percentage of its unsecured debt along with other unsecured claim holders. The separate cure payments and the scheduled reinstated mortgage payments, when combined with the stripped down secured claim, would not exceed the allowed portion of the mortgagee's secured claim, together with accrued post-petition interest.

 In the instant case, the mortgage arrears of $49,909.75 must be paid in full during the life of the plan, as required by 11 U.S.C. § 1322(b)(5). However, this does not mean that the debtor must pay the mortgage arrears in addition to Citibank's allowed secured claim of $240,000.00, for a total of $289,909.75. The debtor must make three types of payments. First, payments to cure the mortgage arrears during the life of the Chapter 13 plan. Second, scheduled mortgage note payments, which when combined with the arrears payments of $49,909.75, will not exceed the allowed secured claim of $240,000.00, together with accrued post-petition interest. Third, percentage payments called for under the plan to all unsecured claims, including Citibank's unsecured deficiency claim.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. § 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B) and (k).

2. The debtor's motion pursuant to 11 U.S.C. § 506(a) and (d) to determine the value of Citibank's secured interest in her principal residence is granted.

3. The value of the debtor's residence is $240,000.00. Citibank has an allowed secured claim in the debtor's residence to the extent of $240,000.00 and an allowed unsecured claim of $58,146.04 which is the amount by which its allowed claim of $298,-146.04 exceeds its allowed secured claim of $240,000.00.

4. The mortgage arrears may not be added to the unsecured portion of Citibank's claim and paid in accordance with the percentage payments under the plan.

5. The debtor must cure the mortgage arrears within the life of the plan in addition to making the scheduled mortgage payments, but the combined payments will not exceed the allowed secured claim of $240,000.00.

SETTLE order on notice.